IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02555-LTB

ANDRE L. GARLINGTON,

    Plaintiff,

v.

KIT CARSON CORRECTIONAL FACILITY/CCA,
WARDEN VANCE EVERETTE, KCCC/CCA, and
UM TAMERA COPPER, KCCC/CCA,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Andre L. Garlington, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC) filed a **pro se** letter on December 1, 2011, requesting that his case be reopened. The Court must construe the letter liberally because Mr. Garlington is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The letter, therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Garlington filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The

Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). **See** Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration under Rule 59(e) are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. ***See Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Garlington fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Garlington initiated this action by filing a Prisoner Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on September 29, 2011. On October 12, 2011, Magistrate Judge Boyd N. Boland granted Mr. Garlington leave to proceed pursuant to 28 U.S.C. § 1915. The October 12 Order required Mr. Garlington to pay the full amount of the $350.00 filing fee in installments and directed him to pay an initial partial filing fee of $3.00 within thirty days or to show cause why he had no assets and no means to pay the initial fee by filing a current certified copy of his trust fund account statement. The Order warned Mr. Garlington that if he failed to have the initial partial filing fee sent to the Clerk of the Court by the designated deadline or to show cause why he had no assets and no means by which to pay the initial fee the Complaint would be dismissed without further notice.

On November 22, 2011, the Court entered an order dismissing Mr. Garlington's complaint without prejudice for failure to pay the initial partial fee of $3.00 or, in the alternative, to show cause why he had no assets and no means to pay the initial fee. In

doing so, the Court noted that Mr. Garlington had not communicated with the Court nor submitted anything for filing since September 29, 2011

On November 25, 2011, Mr. Garlington paid an initial partial filing fee of $8.20. On December 1, 2011, Mr. Garlington submitted the Motion to Reconsider.

In Mr. Garlington's Motion to Reconsider, he asserts that he asked DOC officials to send a money order to the Court in a timely manner. He argues that he had "no control over the fact that it took DOC 2.5 weeks to send this money." Motion at 1. Mr. Garlington has attached a "Department of Corrections Request for Money Order" to his Motion to Reconsider. The Request for Money Order demonstrates that on November 9, 2011, Mr. Garlington asked that $8.20 be sent to the Court. Although not clear, it also appears to demonstrate that Mr. Garlington's request was rejected for insufficient funds on November 21, 2011, and then re-submitted to the DOC on November 21, 2011. Regardless, the fact remains that Mr. Garlington did not submit his request for money order to the DOC until November 9, 2011, a mere five days before his initial partial filing fee was due on November 14, 2011. Mr. Garlington failed to communicate with the Court and request an extension of time to submit his initial partial filing fee, although he might reasonably have concluded that his initial partial filing fee would not reach the Court by November 14, 2011. Indeed, based on delays in the DOC's system, and possible insufficient funds in Mr. Garlington's account, the Court did not receive his filing fee until November 25, 2011, eleven days after it was due. Further, the mere fact that Mr. Garlington paid the initial partial filing fee on November 25, 2011, does not excuse his failure to either notify the Court, pay the initial partial fee, or to show cause, within the relevant deadline.

Accordingly, Mr. Garlington has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion to Reconsider will be denied.  **See Servants of the Paraclete**, 204 F.3d at 1012.

Mr. Garlington is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action.  Accordingly, it is

ORDERED that the letter filed by Mr. Garlington on December 1, 2011, is construed as a Motion to Reconsider and is DENIED.

DATED at Denver, Colorado, this 8th day of December, 2011.

BY THE COURT:

s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court